IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| | § | Civil Action No. 1:05-CR-135 |
| v. | § | |
| | § | |
| ARNELL SHELTON, | § | JUDGE RON CLARK |
| | § | |
| *Defendant*. | § | |
| | § | |

**SENTENCING MEMORANDUM**

Defendant Arnell Shelton pled guilty to forcibly assaulting a correctional officer by throwing a cup containing feces and urine through a slot in his cell door, striking the officer in the head, face and chest with the feces and urine as detailed in the Indictment and in the Factual Basis and Stipulation in support of Defendant's guilty plea. In the plea agreement, the parties stipulated that the base offense level under U.S.S.G. § 2A2.4 was ten, and that this level should be increased by three pursuant to U.S.S.G. § 2A2.4(b)(1)(a) because of the physical contact involved in throwing the feces and urine on the officer. Given Defendant's criminal history and taking into account this increase, an application of the Sentencing Guidelines would result in a sentence between twelve to eighteen months. However, the pre-sentence report gave notice to the Defendant that a departure from the Guidelines might be warranted in this case.

The Sentencing Guidelines were promulgated pursuant to legislation passed by Congress. They are the result of input by the stakeholders in the criminal justice system, study and research by the Sentencing Commission and its staff, and revisions based upon experience. This court does not lightly depart from the Sentencing Guideline range. But the Guidelines provide that

where there are aggravating circumstances not adequately taken into consideration by the Commission in formulating the Guidelines, an upward departure may be warranted. *See* U.S.S.G. § 5K2.0.

Few published decisions have considered the type of assault in this case. Most are civil rights cases brought by prisoners or cases discussing prison discipline. *See, e.g. Samuels v. Hawkins*, 157 F.3d 557, 558 (8th Cir. 1998); *Lopez v. Reynolds*, 998 F.Supp. 252, 256-57 (W.D.N.Y. 1997); *Rembert v. Holland*, 735 F.Supp. 733, 735 (W.D. Mich. 1990). It is clear that throwing feces or urine is at least an assault. *See U.S. v. Taliaferro*, 211 F.3d 412, 415 (7th Cir. 2000).

However, the contact in this case is not like the physical contact involved with a push or a punch. While a simple assault consisting of a push or a punch is unacceptable in society at large, let alone in a prison, the effects are immediate and usually not long lasting. The common law has dealt with assault for centuries. The Sentencing Commission could call on the experience of state legislatures which have imposed criminal penalties for assault and battery for over a century. *See, e.g., Scott v. Commonwealth*, 6 Serg. & Rawle 224 (Pa. 1820) (discussing sentencing under Pennsylvania statute after conviction for assault and battery).

Throwing feces or urine on someone is more than mere "physical contact." Dysentery, hepatitis, HIV, and a host of other infectious diseases can be transferred by feces and urine.[1] The victim in this type of assault is subject to worry and mental distress while awaiting the results of

---

[1] At the hearing, Defendant stated that he was not HIV positive, and the court accepts that he is not. However, as noted, this is not the only disease that could be transferred and does not serve to mitigate the seriousness of his offense.

tests. In this case, the officer had to be treated with a "cocktail" of drugs to protect against such diseases.[2] The three level increase of U.S.S.G. § 2A2.4(b)(1) does not reflect these dangers.

The court concludes that the Guidelines do not adequately take into account the seriousness of the offense and would not provide a just punishment under the facts of this case. A few months punishment for subjecting an officer to the risk of debilitating disease neither promotes respect for the law, nor affords adequate deterrence. *See* 18 U.S.C. § 3553 (a)(2)(A)-(B).[3]

The need for adequate deterrence to such conduct is particularly important. Throwing feces or urine has become so common there is a slang term used in prison to refer to the act: "chunking." The Texas Legislature has specifically made it a felony to throw feces or urine on a correctional officer, punishable by two to ten years imprisonment. *See* Tex. Pen. Code § 22.11; Tex. Pen. Code § 12.34(a).

This behavior cannot be tolerated in a federal correctional facility any more than in a state prison. While Congress or the Sentencing Commission may act in the future to properly punish such behavior in federal institutions, this court must deal with the facts in this case.

---

[2] The court is aware of U.S.S.G. § 5K2.3, but is not departing upward for the imposition of extreme psychological injury under this Section because there is no evidence to support that any psychological injury occurred.

[3] Although not charged as such, the use of feces and urine in such a fashion might even be considered use of a dangerous weapon. U.S.S.G. § 1B1.1 Application Note D defines a dangerous weapon under the Guidelines as an instrument capable of inflicting death or serious bodily injury. *But see U.S. v. Ramirez*, 233 F.3d 318, 322 (5th Cir. 2000)(stating that throwing feces and urine on an officer's body did not involve use of a dangerous weapon), *overruled on other grounds by U.S. v. Longoria*, 298 F.3d 367 (5th Cir. 2002).

For the reasons stated herein and on the record at the sentencing hearing, the court departs from the Guideline range of twelve to eighteen months.

Defendant's sentence shall include a term of imprisonment of thirty six months, consecutive to Defendant's prior sentence. While this is twice as high as the maximum sentence under the appropriate Guideline range, it is five years less than the eight year maximum allowed by statute. *See* 18 U.S.C. § 111. The Judgment shall reflect this term, as well as the other provisions and conditions of the sentence, set out by the court at the sentencing hearing.

So **ORDERED** and **SIGNED** this **27** day of **April, 2006.**

_____

Ron Clark, United States District Judge